UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

URIEL MENDOZA ARAIZA,

        Petitioner,

v.

CAMMILLA WAMSLEY, *et al.*,

        Respondents.

CASE NO. 2:25-cv-02139-TL-GJL

ORDER ON *EX PARTE* MOTION FOR ORDER TO SHOW CAUSE AND ISSUE EXPEDITED BRIEFING SCHEDULE

Petitioner Uriel Mendoza Araiza has filed this counseled 28 U.S.C. § 2241 habeas Petition, requesting that he be considered a member of the Bond Denial Class certified in *Rodriguez Vasquez v. Bostock*, 3:25-cv-05240-TMC (W.D. Wash. Sept. 30, 2025), and that Respondents be ordered to release him from detention unless he receives a new bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of the Court's Order granting habeas relief. Dkt. 1. Along with the Petition, Petitioner requests an expedited briefing schedule, with a return from Respondents due within seven (7) days, citing 28 U.S.C. § 2243 and arguing that because he is a member of the Bond Denial Class, "expeditious consideration is particularly appropriate here." Dkt. 2 at 2.

Courts have discretion in setting the briefing schedule for a § 2241 habeas petition and consider the individual circumstances of each case when determining appropriate deadlines. *See Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985). Here, Petitioner alleges he was apprehended on September 29, 2025, and placed in removal proceedings pursuant to 8 U.S.C. § 1229a by the Department of Homeland Security ("DHS"). Dkt. 1 at 2; Dkt. 4-1 at 5, Ex. A (DHS Notice of Evidence). DHS charged Petitioner as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without inspection. Dkt. 1 at 2; Dkt. 4-2 at 2, Ex. B (Notice to Appear). On October 24, 2025, an Immigration Judge ("IJ") denied Petitioner's bond request based on lack of jurisdiction, finding that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) and the Laken Riley Act ("LRA"), 8 U.S.C. § 1226(c)(1)(E), based on Petitioner's 2006 conviction for shoplifting in Monterey County, California. Dkt. 1 at 3; Dkt. 4-3 at 2, Ex. C (IJ Order). An appeal from the IJ's Order is currently due by November 24, 2025. *See* Dkt. 4-3 at 3, Ex. C.

Petitioner now seeks an expedited briefing schedule of his habeas Petition based mainly on his argument that the LRA contains no retroactivity language that would make it applicable to Petitioner's 2006 shoplifting offense. Dkt. 1 at 3–4; Dkt. 2 at 3–6. Further, Petitioner argues that, should the Court find the LRA does not apply to his 2006 shoplifting offense, he should be considered a member of the Bond Denial Class which would entitle him to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 at 6; Dkt. 2 at 3.

After reviewing Petitioner's Motion for Order to Show Cause (Dkt. 2), the briefing schedule provided in 28 U.S.C. § 2243, and conducting a preliminary review of the habeas Petition (Dkt. 1), the Court **ORDERS** as follows:

1) The Motion for Order to Show Cause (Dkt. 2) is **GRANTED** as set forth below.

ORDER ON EX PARTE MOTION FOR ORDER
TO SHOW CAUSE AND ISSUE EXPEDITED
BRIEFING SCHEDULE - 2

2) Respondents shall file a return to the Petition (Dkt. 1) no later than **November 17, 2025**. Any reply is due by **November 24, 2025**. The Clerk shall note the matter as ready for the Court's consideration on **November 24, 2025**.

3) To preserve the opportunity to determine whether the court has subject matter jurisdiction and, if so, to consider whether habeas relief is warranted, a court may issue an order to maintain the status quo. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 293 (1947) ("[T]he District Court ha[s] the power to preserve existing conditions while it . . . determine[s] its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous.). This is particularly so when the order is necessary to prevent action that would otherwise destroy the court's jurisdiction or moot the case. *United States v. Shipp*, 203 U.S. 563, 573 (1906). Accordingly, to allow Petitioner time to move for emergency relief in the event he is to be transferred or removed before this Court reviews his Petition, the Court **ORDERS** that Respondents must provide Petitioner and Petitioner's counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into the weekend) prior to any action to move or transfer him from the Northwest Immigration and Customs Enforcement Processing Center or to remove him from the United States.

4) The parties have a right to consent to the undersigned Magistrate Judge. Consent is voluntary. Counsel for the parties are directed to indicate whether they consent or decline consent by no later than **November 18, 2025**, by emailing Deputy Kelly Miller at kelly_miller@wawd.uscourts.gov. If the parties consent, the undersigned Magistrate Judge will preside over the entire case through judgment. If the parties decline consent, the case will remain assigned to District Judge Lin.

ORDER ON EX PARTE MOTION FOR ORDER
TO SHOW CAUSE AND ISSUE EXPEDITED
BRIEFING SCHEDULE - 3

5) The Clerk is directed to send copies of this Order to the parties and to the Honorable Tana Lin.

Dated this 6th day of November, 2025.

Grady J. Leupold
United States Magistrate Judge