UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Uriel MENDOZA ARAIZA,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>Laura HERMOSILLO, Seattle Field Office Director, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement (Acting), et al.,<br><br>　　　　　　　Respondents. | CASE NO. 2:25-cv-02139-TL<br><br>ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

This matter is before the Court on Petitioner Uriel Mendoza Araiza's petition for writ of habeas corpus (Dkt. No. 1) and Petitioner's *ex parte* motion for a decision (Dkt. No. 11). Petitioner is presently detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where he has been held since Immigration and Customs Enforcement ("ICE") officers apprehended him on September 29, 2025. *Id.* ¶ 4. Having reviewed the petition and motion, Respondents' return (Dkt. No. 9), Petitioner's traverse (Dkt. No. 10), and the relevant record, the Court GRANTS the petition.

# I. BACKGROUND

Petitioner, born in 1982, is a native and citizen of Mexico. Dkt. No. 4-2 (Notice to Appear) at 2. Petitioner does not have lawful status in the United States and asserts that he "entered the United States without inspection over twenty years ago and was not apprehended on arrival." Dkt. No. 1 ¶¶ 4(a)–(b). Relevant here, in 2006, Petitioner was convicted of shoplifting in Monterey County, California. Dkt. No. 1 ¶ 10.

On September 29, 2025, ICE officers apprehended Petitioner in Yakima, Washington. Dkt. No. 4-1 (Record of Deportable/Inadmissible Alien) at 4. After apprehending Petitioner, the Department of Homeland Security ("DHS") placed Petitioner in removal proceedings pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), charging Petitioner as being inadmissible as someone who entered the United States without inspection. Dkt. No. 1 ¶ 5. On October 24, 2025, an immigration judge ("IJ") denied Petitioner's bond request based on lack of jurisdiction, finding that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). *Id.* ¶ 6. The IJ also found that Petitioner is subject to mandatory detention pursuant to the Laken Riley Act ("LRA"), Pub. L. No. 119–1, 139 Stat. 3 (2025), which provides that a person who "is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title" and who "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of . . . shoplifting" is subject to mandatory detention. 8 U.S.C. § 1226(c)(1)(E). Dkt. No. 1 ¶¶ 7–8. The IJ determined that Petitioner's 2006 conviction for shoplifting places Petitioner within the ambit of the LRA, thus rendering his detention mandatory.

On October 30, 2025, Petitioner filed the instant petition for writ of habeas corpus. Dkt. No. 1. That same day, Petitioner filed an *ex parte* motion for an order to show cause. Dkt. No. 2. On November 7, 2025, the Court granted the motion and set a briefing schedule. Dkt. No. 8. On

November 24, 2025, the petition became ripe for review. *Id.* at 3. On December 5, 2025, Petitioner filed an *ex parte* motion for a decision, requesting an immediate decision on the habeas petition. Dkt. No. 11.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## III.    DISCUSSION

Petitioner's petition presents the Court with three questions. First, the Court must determine whether the LRA applies retroactively to Petitioner's 2006 shoplifting conviction. If it does, then Petitioner's detention is mandatory and the petition must be denied. Second, if the LRA does not apply retroactively, then the Court must determine whether Petitioner is a class member of the Bond Denial Class defined in *Rodriguez Vazquez v. Bostock*, No. C25-5240, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025). Third, and finally, the Court must adjudicate the merits of the petition.

**A.    Retroactivity of the Laken Riley Act and Class Membership**

Respondents assert that "[w]hile [they] do not agree with the *Rodriguez Vazquez* decision, they do not oppose this Petitioner being considered members of the Bond Denial Class for purposes of this litigation." Dkt. No. 9 at 3 (footnote omitted). This assertion means that Respondents agree with Petitioner that the LRA does not apply retroactively because a noncitizen to whom the LRA applies cannot by definition be included in the *Rodriguez Vazquez* Bond Denial Class. *See Rodriguez Vazquez*, 2025 WL 2782499, at *6 (defining class members as

noncitizens who, in part, "are not or will not be subject to detention under 8 U.S.C. § 1226(c)"—regarding the detention of criminal noncitizens—"at the time the noncitizen is scheduled for or requests a bond hearing"). Put differently, if Respondents agree that Petitioner is in the Bond Denial Class, they must also agree that the LRA does not apply to him or to his 2006 conviction.

The Court thus considers Respondents to have conceded the questions concerning retroactivity with regard to the LRA and class membership.

**B.    Habeas Corpus**

Because the Court treats Petitioner as a member of the *Rodriguez Vazquez* Bond Denial Class, the declaratory relief that the *Rodriguez Vazquez* court issued to class members is appropriately issued to Petitioner here:

> Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Rodriguez Vazquez*, 2025 WL 2782499, at *27. Therefore, "[f]or the same reasons that this Court granted Bond Denial Class members declaratory relief, the Court finds that Petitioner[] [is] detained under § 1226(a) and not subject to mandatory detention under § 1225(b)(2)." *Hernandez Ramos v. Hermosillo*, No. C25-2273, 2025 WL 3251159, at *2 (W.D. Wash. Nov. 21, 2025) (citing *Rodriguez Vazquez*, 2025 WL 2782499, at *27). Pursuant to *Rodriguez Vazquez*, then, and similarly to other Bond Denial Class members, Petitioner has shown that he is "in custody in violation of the" INA. *See* 28 U.S.C. § 2241(c)(3).

Given Petitioner's class membership, Respondents assert that "the appropriate relief would be for [Petitioner] to have a bond redetermination hearing in the immigration court pursuant to 8 U.S.C. § 1226(a)." Dkt. No. 9 at 4. The Court agrees.

1

### IV.    CONCLUSION

2   Therefore, Petitioner's petition (Dkt. No. 1) and *ex parte* motion (Dkt. No. 11) are

3   GRANTED. It is hereby ORDERED:

4   (1)   Respondents SHALL release Petitioner, *unless* they administer a bond hearing to

5   Petitioner under 8 U.S.C. § 1226(a), **within seven (7) days** of this Order;

6   (2)   At the bond hearing, Respondents SHALL not conclude or argue that either 8

7   U.S.C. §§ 1226(c) or 1225(b)(2) governs Petitioner's detention. Respondents

8   SHALL consider Petitioner to be detained under Section 1226(a).

9   (3)   **Any fee petition should be filed within the deadlines set by the Equal Access**

10   **to Justice Act, 28 U.S.C. § 2412.**

11

12   Dated this 8th day of December, 2025.

13

14   Tana Lin
United States District Judge

15

16

17

18

19

20

21

22

23

24

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS – 5